IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE WILLIE BUFORD III,**

   **Petitioner,**

 **v.**            **CIVIL ACTION NO. 3:13cv67**
               **(Judge Groh)**

**TERRY O'BRIEN,**

   **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 13, 2013, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On the same day, the Clerk of the Court sent the Petitioner a Notice of Deficient Pleading which advised him that he must file his petition and *in forma pauperis* paperwork on this court's approved forms. On June 26, 2013, the Petitioner complied with the notice and filed the required forms. On June 28, 2013, the Petitioner was granted permission to proceed as a pauper. On July 24, 2013, he paid the required $5.00 filing fee. This case is before the undersigned for a Report and Recommendation pursuant to LR PL P 2, et seq.

### II. FACTS[1]

On April 11, 2002, a jury for the United States District Court for the Eastern District of Tennessee found the Petitioner guilty of eleven out of thirteen counts of the superceding indictment in which he was charged with six counts of violating the Hobbs Act (18 U.S.C. § 1951); six counts of carrying and brandishing a firearm in relation to armed robberies (18 U.S.C. § 9249 (c)); and one

---

[1] The facts set forth were gleaned from various pleadings accessible through PACER.

1

count of being a felon in possession of a firearm (18 U.S.C. § 922(g)). On October 21, 2002, he was sentenced to 1,194 months imprisonment, five years supervised release, $1,000 special assessment, and $360 in restitution. His conviction and sentence were affirmed on direct appeal by the U.S. Court of Appeals for the Sixth Circuit.

On April 30, 2004, the Petitioner filed a motion for post conviction relief under the provisions of 28 U.S.C. § 2255. All of the Petitioner's challenges raised were rejected by the United States District Court for the Eastern District of Tennessee.

On August 20, 2007, the Petitioner filed a petition for relief under the provisions of 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. The petition was dismissed *sua sponte* by the District Court. The Petitioner appealed the dismissal to the U.S. Court of Appeals for the Seventh Circuit. Upon review, the Seventh Circuit vacated the judgement of the District Court and remanded it back to them due to the District Court's failure to pursue certain issues. After reviewing the issues raised by the Seventh Circuit, the District Court rejected the Petitioner's challenges.

On June 15, 2009, the Petitioner filed another 28 U.S.C. § 2241 petition in the United States District Court for the Southern District of Indiana After review, the petition was dismissed by the District Court. The Petitioner then appealed to the U.S. Court of Appeals for the Seventh Circuit . It dismissed the petition for failure to pay the docketing fee. The Petitioner then filed a petition for a Writ Of Certiorari with the United States Supreme Court, but the petition was denied.

On March 4, 2010, the Petitioner filed a 28 U.S.C. § 2241 petition in the United States District Court for the District of Arizona. The petition was dismissed for lack of jurisdiction. The Petitioner then filed a Writ of Mandamus and appealed the decision of the District Court to the U.S.

Court of Appeals for the Ninth Circuit. The Ninth Circuit dismissed the writ as moot and later denied the appeal.

On July 15, 2011, the Petitioner filed another 28 U.S.C. § 2241 petition in the United States District Court for the District of Arizona. The District Court dismissed the petition. The Petitioner appealed the District Court's decision to the U.S. Court of Appeals for the Ninth Circuit, but the appeal was denied.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones,

the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the Petitioner alleges his actual innocence of all counts of the indictment. More specifically, the Petitioner alleges that he did commit crimes but his crimes do not fall under federal jurisdiction. In addition, the Petitioner alleges fraudulent conduct by the Assistant United States Attorneys assigned to his case. The Petitioner also makes additional claims of ineffective assistance of counsel and denial of due process in regards to the length of his sentence.

However, in order to raise a claim of actual innocence under § 2241, the Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[2] This the Petitioner has not, and cannot, do. Even if the Petitioner satisfied the first and the third elements of Jones, the crimes for which the Petitioner was convicted remain criminal offenses,

---

[2] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

4

and therefore the Petitioner cannot satisfy the second element of Jones. Therefore, because the Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Petitioner's petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M.. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: 8-6-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE