# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GEORGE WILLIE BUFORD III,**

    Petitioner,

**v.**                                     **CIVIL ACTION NO. 3:13-CV-67**
                                               **(JUDGE GROH)**

**TERRY O'BRIEN,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION ON PETITIONER'S 28 U.S.C. § 2241 PETITION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 14], filed on August 6, 2013, to which neither party filed objections. Pursuant to 28 U.S.C. § 636(b)(1)(c), the Court is required to review *de novo* those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal the Court's Order. **28 U.S.C. § 636(b)(1)**; ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Joel's Report and Recommendation were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Petitioner accepted service of the Report and Recommendation on

August 9, 2013. [Doc. 15]. Petitioner did not file any objections. Accordingly, this Court reviews the report and recommendation for clear error.

In this case, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 attempting to attack the validity of his conviction. However, a petition pursuant to 28 U.S.C. § 2241 attacks the manner in which the sentence is executed while a petition pursuant to 28 U.S.C. § 2255 attacks the validity of a federal conviction and sentence. Therefore, Petitioner's 28 U.S.C. § 2241 petition is barred unless it meets the savings clause. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (listing three requirements that must be met in order for the "savings clause" to apply). However, the magistrate judge found that Petitioner did not establish that his § 2241 petition met the *Jones* requirements. Accordingly, the magistrate judge recommended that this court deny Petitioner's petition with prejudice.

Upon review of the above, it is the opinion of this Court that the Report and Recommendation **[Doc. 14]** should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that Petitioner's 28 U.S.C. § 2241 petition be **DISMISSED WITH PREJUDICE** and that it be **STRICKEN FROM THE DOCKET OF THIS COURT**. The Clerk is **DIRECTED** to enter judgment in favor of the Respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: September 23, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE